KISH et v. YUNG et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8774. Decided Jan. 23, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**1100. SPECIFIC PERFORMANCE—297. Contracts—997. Real Estate.**

1. Provision, in contract for exchange of real estate, "it is being further agreed between the parties hereto, that upon breach or withdrawal of this contract by either of them, such party shall pay the sum of $300 as commission," constitutes merely additional obligation which does not, by its terms, diminish obligation of either party to fulfill. Such provision no bar to action for specific performance.

2. Provision in such contract "Remarks: the first party shall raise a first mortgage on Lenscrowe Avenue

(Continued on Page 132)

## PUBLISHER'S COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio under the Act of March 3, 1879.

Issued Every Saturday          50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Weekly Edition, One Year (50 issues) Payable in
    Advance .................................... $15.00

Discount for advance payment $3.00, making the
    net price .................................. 12.00

Including Quarterly Digest, to paid subscribers,
    no extra charge.

Including Binding of Weekly Parts at end of year,
    if paid in advance, net...................... 13.50

Including One Annual Digest, at end of year, and
    binding of weekly parts, paid in advance, net.. 16.00

Including Cinque Digest and Year's Subscription..$18.00

Single Numbers .............................. .35

Receiving Abstract after expiration date, considered as
authorized continuation of subscription.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

### STAFF

Sam H. Torrey..................... Circulation Manager

Jay F. Laning....................... Business Director

Sheldon R. Laning.................... Editorial Director

(Continued from Page 131)
**property High as possibly and the Balance to be a second mortgage which is payable one per cent payment monthly including interest." Held to render contract so indefinite as to be incapable of specific performance.**

Appeal from Common Pleas.
Petition dismissed.

George C. Hafley, Cleveland, for Kish et.
Martin A. Phillips, Cleveland, for Yung.

FULL TEXT

LEVINE, J.

This case comes into this court on appeal from the Common Pleas Court. The Plaintiff's petition alleges a contract for exchange of properties and specific performance is sought to enforce the terms of said contract. The answer and cross-petition likewise ask for specific performance, but allege that the terms of the contract were not, as is alleged in the plaintiff's petition, and proceeds to set forth the terms of the contract as understood by the defendant. The cross-petition asks for specific performance of the contract according to the defendant's version.

It appears that, at the time the parties entered into the transaction, two regular form exchange argeements were drawn by the agent who brought the parties together and that in fixing the valuation of the premises belonging to the party designated as the party of the second part, the same was fixed in the one copy as $7,700 and in the other copy as $7,000. The concluding statement of the contract, as found in both copies, is as follows:

"It is being further agreed between the parties hereto, that upon breach or withdrawal of this contract by either of them, such party shall pay the sum of $300 as commission."

It was urged in the Common Pleas Court and also before this court, that the exchange agreement is what is commonly known as an alternative contract; that the most that the party breaching the contract or withdrawing from it can be subjected to, is the obligation to pay $300 as commission; that no action for specific performance or damages could be founded upon it.

We are not of that view, for the reason that it is quite apparent that this concluding provision found in the agreement did not limit the obligation of the party breaching the contract or withdrawing from it, to the payment of $300 as commission. It is merely an additional obligation which does not, by its terms, diminish the obligation of either party to fulfill the contract.

A perusal of the contract, however, leads us to the conclusion, that the same is too indefinite as to permit of specific performance. One of the paragraphs of the contract reads:

"Remarks: the first party shall Rais a first mtg. on Lenscrowe Ave. property High as posibily and the Balance to be a second mortgage which is to payable one per cent payment monthly include interest."

The scrivener not only wrote an ungramatical English, but framed the provision in language which is not capable of interpretation. To decree specific performance would be an utter impossibility, as the important terms relating to the financing are not, by any method of interpretation, understandable. This paragraph alluded to is found in both copies.

For this reason we shall order a dismissal of the petition and cross-petition.

Decree accordingly.

(Vickery, J., concurs. Sullivan, PJ., dissents.)